# EXHIBIT A



COPY

FEB 2 2 2017

MICHAEL K. JEANES, CLERK
V. CANISALES
DEPUTY CLERK

1  Kevin D. Neal (Bar No. 011640)
   GALLAGHER & KENNEDY, P.A.
2  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
3  Telephone:   (602) 530-8000
   Facsimile:   (602) 530-8500
4  kevin.neal@gknet.com

5  Attorneys for Plaintiff Todd Scholey

6              SUPERIOR COURT OF THE STATE OF ARIZONA

7                          COUNTY OF MARICOPA

8  TODD SCHOLEY,                          No. CV 2017-000258
9                 Plaintiff,              COMPLAINT
10 v.                                     (Tort, Product Liability, Negligence)
11 HONEYWELL INTERNATIONAL, INC.
   d.b.a. HONEYWELL AEROSPACE; CAE,       (JURY TRIAL DEMANDED)
12 INC.; INTERNATIONAL BUSINESS
   MACHINES CORPORATION, d.b.a. IBM;
13 and DOES 1-50,
14               Defendants.
15

16        Plaintiff, Todd Scholey, for his Complaint against Defendants, respectfully alleges

17 as follows:

18                   PARTIES, JURISDICTION AND VENUE

19        1.    Plaintiff, Todd Scholey, is a citizen of California.

20        2.    Defendant Honeywell International, Inc., d.b.a. Honeywell Aerospace

21 ("Honeywell") and DOES 1-10, is a Delaware Corporation, with a principal place of

22 business in Phoenix, Arizona.

23        a)    Honeywell's North American Aerospace business is headquartered in

24              Arizona.

25        b)    Thousands of Honeywell Aerospace technologies, products and services, are

26              found on virtually every commercial, defense, and space aircraft worldwide.

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

c)   In Arizona, Honeywell employs nearly 10,000 employees across nine different facilities.

d)   Upon belief, Honeywell negligently manufactured and/or designed in Arizona defective 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

e)   Upon belief, Honeywell entered into a contract with co-Defendant CAE, Inc. in Arizona, to manufacture and design 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

f)   Defendant Honeywell and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

g)   Defendant Honeywell regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of Arizona would produce injuries and cause damages and subject them to jurisdiction within the State of Arizona.

3.   Defendant CAE, Inc. ("CAE") and DOES 11-10 is a Canadian Corporation.

a)   CAE is a United States centered venture. In 2015, CAE's United States operations earned it $753.6 million. CAE's United States operations accounted for 33% of its annual revenue (more than any other country in the world). CAE also has 1,900 employees in the United States, and 27 offices in the United States, including Phoenix, Arizona.

b)   In Mesa, Arizona, CAE owns and operates the CAE Oxford Aviation Academy, a facility that trains pilots for Turkish Airlines, Shenzhen Airlines, EVA Air, British Airways, Air Algerie, and Japan Airlines.

2

    c)    Upon belief, CAE entered into a contract with Honeywell in Arizona to manufacture and design 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

    d)    Defendant CAE and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

    e)    Defendant CAE regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of Arizona would produce injuries and cause damages and subject them to jurisdiction within the State of Arizona.

4.    Defendant International Business Machines Corporation ("IBM") and DOES 21-30, is a New York Corporation, with systematic and continuous business activities Arizona.

    a)    Upon belief, IBM entered into a contract in Honeywell in Arizona, to provide Flight Management System software to the subject IBM RS 6000 595 FSTD Host Computer involved in this action.

    b)    Defendant IBM and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

    c)    Defendant IBM regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of

3

1        Arizona would produce injuries and cause damages and subject them to

2        jurisdiction within the State of Arizona.

3    5.    Defendants DOES 1-50 are those persons and entities whose relationships to

4 the named Defendants and/or whose acts or omissions give rise to legal responsibility for

5 the damages incurred by Plaintiffs, but whose true identities are at present unknown to

6 Plaintiffs. These persons and entities hereby are notified of Plaintiffs' intention to join

7 them as Defendants if and when additional investigation or discovery reveals the

8 appropriateness of such joinder.

9    6.    Upon belief, DOES 1-50 were residents of the State of Arizona, and/or were

10 organized and existing under the laws of Arizona and doing business in the State of

11 Arizona; and/or were foreign corporations, businesses, etc., qualified to do business

12 within the State of Arizona, and actually doing business therein on the date of the accident

13 alleged herein.

14    7.    The minimum jurisdictional amount established for filing this action has

15 been satisfied.

16    8.    Venue is proper in Maricopa County, Arizona.

17       **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

18    9.    Defendant CAE and DOES 1-10 is the designer and manufacturer of a Full

19 Flight Simulator depicting a Boeing 747-400 aircraft (hereinafter "Simulator").

20    10.    Defendant Honeywell and DOES 11-20 is the designer and manufacturer of

21 the Simulator's Flight Management System.

22    11.    Defendant IBM and DOES 21-30 is the designer and manufacturer of the

23 Simulator's Host Computer System.

24    12.    Defendants DOES 31 – 35, inclusive, are unknown persons and/or entities

25 who negligently performed services or failed to perform services on the subject simulator,

26 including its component parts, which included performing inspections, repairs,

maintenance, testing and other services which were negligently performed or not performed, which directly and/or proximately contributed to simulator malfunctioning, and the Plaintiff's injuries.

13.     Plaintiff Todd Scholey is a United Airlines pilot.

14.     On or about March 22, 2015, the Plaintiff was using the CAE Boeing 747-400 Simulator and was seriously and permanently injured as a direct and proximate result of the simulator malfunctioning.

15.     As a result of the Defendants' actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## COUNT I – STRICT LIABILITY AGAINST ALL DEFENDANTS

16.     Plaintiff re-alleges and incorporates by reference all prior paragraphs in this Complaint.

17.     At all relevant times, Defendant Honeywell and DOES 1-10 was in the business of designing, assembling, manufacturing, marketing and selling 'Flight Management Systems' and/or component parts for CAE's Full Flight Simulators.

18.     At all relevant times, Defendant CAE and DOES 11-20 was in the business of designing, assembling, manufacturing, marketing and selling 'Full Flight Simulators' and/or component parts.

19.     At all relevant times, Defendant IBM and DOES 21-30 was in the business of designing, assembling, manufacturing, marketing and selling 'Host Computer Systems' and/or component parts for CAE's 'Full Flight Simulators.'

20.     Hereinafter, Honeywell's 'Flight Management System,' CAE's 'Full Flight Simulator,' and IBM's 'Host Computer System,' will be collectively referred as the "Subject Products."

5

21. Defendants Honeywell, CAE, and IBM, and DOES 1-50, designed, manufactured, tested, inspected, overhauled, serviced, repaired, assembled, sold, leased, marketed and or otherwise placed into the stream of commerce the Subject Products and/or component parts which failed and caused the Plaintiff's damages and losses.

22. The Subject Products and their components were used by Plaintiff in a way that was reasonably foreseeable to Defendants and each of them.

23. The Subject Products and their components in question contained manufacturing, design and/or warning defects at the time it left the respective defendants' control. These defects occurred within the life of the Subject Products and their component parts and include but are not limited to:

a) The Subject Products and their component parts failed to perform as safely as an ordinary consumer would have expected when used in a reasonably foreseeable manner, and/or

b) The Subject Products and their component parts differed from the manufacturer's intended result and/or differed from apparently identical products from the same manufacturers, and/or

c) The use of Subject Products and their component parts by the user in a reasonably foreseeable manner involved a substantial danger that could not be readily recognized by the ordinary user of the simulator and its' component parts, and Defendants knew or should have known of those dangers but failed to give adequate warning and instruction of such dangers, and/or

d) The Subject Products malfunctioned during the normal and foreseeable use of the Simulator by Plaintiff, causing the simulator to slam down, injuring the Plaintiff.

24.   At the time of the incident causing the Plaintiff's injuries, the Subject Products and their component parts were defective and unreasonably dangerous.

25.   The Subject Products and their component parts were defective at the time they left Defendants' possession.

26.   Defendants are liable in that they placed defective and unreasonably dangerous products into the stream of commerce and allowed the Subject Products and their component parts, that contained design, manufacturing and/or warnings defects, to leave their control.

27.   The unreasonably dangerous nature of the defects created a high probability the Subject Products and their component parts would fail, resulting in severe injuries, producing Plaintiff's damages and losses.

28.   The defects in the Subject Products and their component parts were a proximate cause of Plaintiff's severe injuries, damages, and losses.

29.   As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## COUNT II – NEGLIGENCE – PRODUCT LIABILITY AGAINST ALL DEFENDANTS

30.   Plaintiff re-alleges and incorporates by reference all prior paragraphs in this Complaint.

31.   The Defendants Honeywell, CAE, and IBM and DOES 1-50, and each of them, were and are engaged in the business of designing, manufacturing, developing, constructing, fabricating, analyzing, recommending, approving, assembling, testing, inspecting, supplying, advertising, merchandising, servicing, marketing, promoting,

1   selling, modifying, repairing, upgrading, maintaining and/or distributing the Subject

2   Products and their component parts.

3       32.   Defendants, and each of them, were and are engaged in the business of

4   issuing warnings, cautions and instructions to its customers with respect to the proper use,

5   required maintenance and inspections of the Subject Products and/or their component

6   parts.

7       33.   Defendants, and each of them, had a duty to Plaintiff to exercise a degree of

8   care and skill that ordinarily careful and prudent flight simulator and components parts

9   designers and manufacturers, maintenance facilities, service facilities and owner/operators

10  would use under the same or similar circumstances in the design, manufacture,

11  development, repair, construction, fabrication, analysis, recommendation, approval,

12  assembly, testing, inspection, supply, advertisement, merchandising, service, marketing,

13  promotion, sale, modification, repair, upgrade, maintenance and distribution of the

14  Subject Products and/or their component parts and to provide adequate warnings

15  concerning the proper and safe use of their products, and the product's warnings, cautions

16  and instructions.

17      34.   Defendants, and each of them, had a duty to Plaintiff to design,

18  manufacture, develop, construct and sell products which were not defective or dangerous.

19      35.   Defendants, and each of them, breached their duties to exercise reasonable

20  care by negligently, recklessly, carelessly and/or improperly designing, manufacturing,

21  developing, constructing, fabricating, analyzing, recommending, approving, assembling,

22  testing, inspecting, supplying, advertising, merchandising, servicing, marketing,

23  promoting, selling, modifying, repairing, upgrading, maintaining and/or distributing the

24  Subject Products and/or their component parts.

25      36.   The Subject Products and their component parts had a dangerous propensity

26  to fail due to defective and negligent design, repair, manufacture, development,

8

1   construction, fabrication, analysis, recommendation, approval, assembly, testing,
2   inspection, supply, advertisement, merchandising, service, marketing, promotion, sale,
3   modification, repair, upgrade, maintenance and distribution which could and did cause the
4   Subject Products and their component parts to malfunction which could foreseeably result
5   in severe injuries, such as the Plaintiff's.

6         37.    Defendants, and each of them, further breached their duties to Plaintiff by
7   failing to provide adequate warnings cautions and instructions concerning the proper use
8   of their products and the dangers these products presented during foreseeable use which
9   the seller defendants should have known to exist in the Subject Products and their
10  component parts.

11        38.    At all relevant times, Defendants, and each of them, knew or should have
12  known that the subject simulator, and/or its component parts, were unreasonably
13  dangerous and were not safe for flight simulator training.

14        39.    At all relevant times, Defendants, and each of them, voluntarily undertook,
15  assumed, and owed a legal duty to properly and carefully train, supervise, monitor, select,
16  hire, promote and instruct its respective employees, representatives, subcontractors and
17  agents who were involved in manufacturing, developing, designing, constructing,
18  fabricating, analyzing, recommending, approving, assembling, testing, inspecting,
19  supplying, advertising, merchandising, servicing, marketing, promoting, selling,
20  modifying, repairing, upgrading, maintaining and distributing the Subject Products and
21  their component parts.

22        40.    Defendants, and each of them, negligently, recklessly, and/or carelessly
23  failed to properly and carefully train, supervise, monitor, select, hire, promote and instruct
24  its respective employees, representatives, subcontractors and agents so as to cause the
25  simulator to malfunction, leading to unreasonably dangerous movements, and ultimately
26  the Plaintiff's severe injuries.

9

41.   As a direct and proximate result of the maintenance defendants' negligent conduct described above, Plaintiff has been damaged in an amount substantially in excess of the minimum jurisdiction of this court.

42.   As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## COUNT III – NEGLIGENCE AGAINST ALL DEFENDANTS

43.   Plaintiff re-alleges and incorporates by reference all prior paragraphs in this Complaint.

44.   At all relevant times, Defendants, and each of them, were in the business of analyzing, testing, modifying, upgrading, inspecting, servicing, diagnosing, repairing, overhauling and/or maintaining the Simulator and its component parts.

45.   At all relevant times, Defendants had a duty to exercise reasonable care and prudence and to analyze, test, modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the Simulator and its component parts in a reasonable and careful manner.

46.   Upon information and belief, Defendants breached these duties by, among other things, failing to appropriately analyze, test modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the Simulator and its component parts to ensure that the Simulator and/or its component parts were in a safe condition.

47.   At all relevant times, the maintenance Defendants had a duty to use a degree of care and skill that ordinarily careful and prudent simulator maintenance facilities, service facilities and operators would use under the same or similar circumstances. The subject Simulator and its component parts, which were analyzed, tested, modified, upgraded, inspected, serviced, diagnosed, repaired, overhauled and/or maintained by Defendants, were not safe or fit for their intended purpose.

10

48.   Upon information and belief, Defendants knew or should have known that, under the circumstances known to them, the subject Simulator and its component parts was in a defective condition, not fit for its intended purpose.

49.   At all relevant times, the Defendants knew, or by using ordinary care, should have known, that the likely failure of a simulator and/or its component parts will have significant consequences; their failure to properly analyze, test, modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the subject Simulator and/or its component parts was a proximate cause of the subject incident.

50.   At all relevant times, Defendants voluntarily undertook, assumed, and owed a legal duty to properly and carefully train, supervise, monitor, select, hire, promote and instruct its respective employees, representatives, subcontractors and agents who were involved in manufacturing, developing, designing, constructing, fabricating, analyzing, recommending, approving, assembling, testing, inspecting, supplying, advertising, merchandising, servicing, marketing, promoting, selling, modifying, repairing, upgrading, maintaining and distributing the subject Simulator and its component parts.

51.   The Defendants negligently, recklessly, and/or carelessly failed to properly and carefully train, supervise, monitor, select, hire, and instruct its respective employees, representatives, subcontractors and agents so as to cause the subject incident.

52.   As a direct and proximate result of Defendant's negligent conduct described above, Plaintiff has been damaged in an amount substantially in excess of the minimum jurisdiction of this court.

53.   As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

a)    For general and special damages to compensate Plaintiff for the injuries and damages sustained including allowable economic and non-economic damages;

b)    For the reasonable value of medical expenses incurred by Plaintiffs to the date of trial and to be incurred in the future;

c)    For the reasonable value of Plaintiff's loss of income and loss of earning capacities;

d)    For Plaintiffs' costs of suit;

e)    For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of February, 2017.

GALLAGHER & KENNEDY, P.A.

By: _____
Kevin D. Neal
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Attorneys for Plaintiff Todd Scholey

COPY mailed this same day to:

Stuart R. Fraenkel *(Pro Hac Vice pending)*
Nelson & Fraenkel, LLP
707 Wilshire Blvd., Ste. 3600
Los Angeles, CA 90017
stuart@nflawfirm.com
*Attorneys for Plaintiffs*

5865234v1/00498826

12

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
04/28/2017
CT Log Number 531133208

**TO:** Gregory McLaughlin
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

**RE:** **Process Served in Arizona**

**FOR:** International Business Machines Corporation  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TODD SCHOLEY, Pltf. vs. HONEYWELL INTERNATIONAL, INC., etc., et al., Dfts. // To: International Business Machines Corporation, etc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2017000258 |
| **NATURE OF ACTION:** | Product Liability Litigation - Flight Simulator 4747-400 aircraft |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/28/2017 at 09:00 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kevin D. Neal<br>GALLAGHER & KENNEDY, P.A.<br>2575 East Camelback Road<br>Phoenix, AZ 85016-9225<br>602-530-8000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2017, Expected Purge Date: 05/03/2017<br><br>Image SOP<br><br>Email Notification,  Angela Golfo  agolfo@us.ibm.com<br><br>Email Notification,  Carolann Wilson  carolann@us.ibm.com<br><br>Email Notification,  Gregory McLaughlin  gmclaugh@us.ibm.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3800 N Central Avenue<br>Suite 460<br>Phoenix, AZ 85012<br>602-248-1145 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*4/28/17 900*
*Bln 7283*

# ORIGINAL

1  Kevin D. Neal (Bar No. 011640)
   GALLAGHER & KENNEDY, P.A.
2  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
3  Telephone:   (602) 530-8000
   Facsimile:    (602) 530-8500
4  kevin.neal@gknet.com

5  Attorneys for Plaintiff Todd Scholey

6

## SUPERIOR COURT OF THE STATE OF ARIZONA

7

## COUNTY OF MARICOPA

8

| | |
|---|---|
| TODD SCHOLEY, | No.  CV 2017-000258 |
| Plaintiff, | SUMMONS |
| v. | |
| HONEYWELL INTERNATIONAL, INC. d.b.a. HONEYWELL AEROSPACE; CAE, INC.; INTERNATIONAL BUSINESS MACHINES CORPORATION, d.b.a. IBM; and DOES 1-50, | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

16  THE STATE OF ARIZONA TO THE DEFENDANT:

17  **INTERNATIONAL BUSINESS MACHINES CORPORATION, d.b.a. IBM**

18      YOU ARE HEREBY SUMMONED and required to appear and defend, within the

19  time applicable, in this action in this Court.  If served within Arizona, you shall appear

20  and defend within 20 days after the service of the Summons and Complaint upon you,

21  exclusive of the day of service.  If served out of the State of Arizona, whether by direct

22  service, by registered or certified mail, or by publication, you shall appear and defend

23  within 30 days after the service of the Summons and Complaint upon you is complete,

24  exclusive of the day of service.  Where process is served upon the Arizona Director of

25  Insurance as an insurer's attorney to receive service of legal process against it in this state,

26  the insurer shall not be required to appear, answer or plead until expiration of 40 days

    after date of such service upon the Director.  Service by registered or certified mail out of

*Gallagher & Kennedy, P.A.*
*2575 East Camelback Road*
*Phoenix, Arizona 85016-9225*
*(602) 530-8000*

the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  Arizona Rules of Civil Procedure 4; A.R.S. §§20-222, 28-502, AND 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. Arizona Rule of Procedure 10(d); A.R.S. §12-311; Arizona Rule of Procedure 5.

THE NAME AND ADDRESS of Plaintiff's attorney is Kevin D. Neal, Gallagher & Kennedy, 2575 E. Camelback Road, Phoenix, AZ 85016.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____  FEB 2 2 2017

MICHAEL K. JEANES, CLERK

BY _____
Clerk of the Court

V. Canisales
Deputy Clerk



5859150v1/99-8826

2

# EXHIBIT C

**From:** Stuart Fraenkel [mailto:stuart@nflawfirm.com]
**Sent:** Wednesday, March 22, 2017 1:10 PM
**To:** Michael G. McQuillen (mmcquillen@amm-law.com); 'Sutherland, Kevin'; Mark Crane
**Cc:** Carlos Llinas
**Subject:** Scholey v. CAE,

Greetings Gents,

As you all know, I am lead counsel in the Scholey v. CAE, IBM & Honeywell matter.

It is my understanding that CAE will be represented by Kevin Sutherland of Clyde & Co., that IBM is currently being represented for initial review purposes by Mark Crane of Segal McCambridge, and I am being a bit presumptuous and believe that Honeywell will likely be represented by the venerable*** Mike McQuillen of Adler, Murphy, McQuillen.

Todd Scholey, a CA resident, was injured when the CAE Simulator failed during a UAL check-ride on March 22, 2015.  (see attached DR Archive Log).



His injuries are significant.  (See basic summary of incident, injuries, treatment (not complete) below.

Due to the unique nature of this case (and due to recent Supreme Court decisions), we had to file this action in numerous locations.

We filed in IL, NY, NJ, AZ and CO (see attached complaints).  We have to serve the earliest of these by May 1, 2017.

My suggestion is that you all agree to accept service of process and we date the acceptance April 29, 2017.

This way we have time to work together to see if we can agree to a common venue for all of these cases and dismiss the rest.

If you cannot agree to accept, we will have to serve them formally, which can be done expeditiously, and will result in an earlier service date and earlier response dates.

This is an approach that I would rather avoid – costly and waste of time.

I also wanted to send you all the FAA Statement of Qualification for what we believe was the simulator at issue to assist you all in your preliminary review.

It appears that the most likely proper venue is IL, but I wanted to let you folks review so we can discuss.

My trial just got continued to next week – so it would be best if we could talk this week – does Friday work for you all?

Best regards, Stuart R. Fraenkel

\*\*\* For Mike's benefit – and a little levity
Venerable --  accorded a great deal of respect, especially because of age, wisdom, or character.
"a venerable statesman"
*synonym* respected, venerated, revered, honored, esteemed, hallowed, <u>august</u>, <u>distinguished</u>, <u>emi</u>
s:      <u>nent</u>, <u>great</u>, <u>grand</u>
            "the venerable Martin Steed joined our faculty in 1962"
- (in the Roman Catholic Church) a title given to a deceased person who has attained a certain degree of sanctity but has not been fully beatified or canonized.
- (in the Anglican Church) a title given to an archdeacon.

## Background Facts

Todd Scholey, born November 13, 1963, is a pilot for United Airlines based out of San Francisco, California. At the time of the accident, Scholey was 51 years old. He has been a pilot with United Airlines since 1997, following a stint with the Air Force.

He was in Denver, Colorado at the United Airlines Training Facility beginning February 24, 2015 and was scheduled to finish his training on March 26, 2015. Scholey was partnered with

John Shea throughout the scheduled training, which consisted of, among other things, the use of flight simulators set to various conditions that a pilot may be exposed to while flying.

On March 22, 2015, Scholey and Shea were using a flight simulator, FAA Identification Number 420, depicting a Boeing 747-400 aircraft. The simulator in question was manufactured in 1993 by CAE Electronics, Ltd. It was certified with the FAA until May 31, 2015 under AC 120-40B.

The phase of training when the injury occurred was "Line-Oriented Flight Training (LOFT)" followed by Train to Proficiency (TTP) flight maneuvers. On March 22, 2015, the pilots were beginning their first LOFT simulator session focused on "upset recovery."

During the initial session, the flight simulator malfunctioned, shaking around and not responding normally. The malfunction required the simulator instructor to use the emergency shut off switch, or the "Big Red Button," to immediately disconnect power from the simulator. This caused the machine to suddenly stop. The emergency shut off is one of [3] ways to shut off the simulator, but the only option that immediately disconnects all power to the machine. According to the *DR Archive* provided by United Airlines, the simulator went into "'Spin Mode' [and motion[ed a] nasty reaction]" when beginning a scenario for the pilots to recover from unusual altitude.

As a result of the simulator malfunctioning and entering "Spin Mode," Scholey injured his back. He complained of pain throughout the remaining days of training. Scholey even reached a point where he believed he would need to take time off from training due to the discomfort.

United Airlines was informed of the simulator malfunction and resulting delays to Scholey and Shea's training via email correspondence the day following the accident on March 23, 2015. Furthermore, the training center's *DR Archive* states that the simulator suffered a "Host" error and that the machine was "Repowered and Reloaded" the evening of March 22, 2015.

Scholey returned to San Francisco from Denver on March 28, 2015. At approximately noon on March 29, 2015, Scholey experienced excruciating pain in his left leg and was driven by his wife to the Vacaville emergency room.
An MRI of the Lumbar Spine (without contrast) was ordered on April 6, 2015. The study showed a new left paracentral disc protrusion at L5-S1 resulting in moderate central stenosis and displacement of the descending S1 nerve root. Additionally, Grade 1 retrolisthesis and mild to moderate left foraminal stenosis was also present at L5-S1.

Between April and August 2015, Scholey sought medical treatment from various Kaiser doctors in the Bay Area.

A second MRI was done in August 2015.  On March 31, 2016, Scholey met with Dr. Frederic Newton. Dr. Newton diagnosed Scholey with a "textbook example of acute disc herniation with left S1 radiculopathy."
According to Dr. Newton, Scholey would not be able to meet the physical demands required of a United Airlines pilot based on the description of job responsibilities provided to him.

Todd Scholey has not worked since the accident, and apparently may never be able to fly commercial aircraft again.

The medical records are massive – will forward what we have complied to date shortly.

### Todd Scholey's Pre-Accident Injury History

#### Todd Scholey's Prior Injury

Todd was initially injured in the late 1980's when he was a member of the Air Force. Scholey hurt his back while lifting and/or carrying a parachute. MRI results showed a disc issue, however, Scholey was able to fly with the Air Force from approximately 1989 through 1997 when he left the military. Throughout Scholey's service he was rarely hindered by his back injury. He would suffer periodic flare ups. Upon retiring from the Air Force, Scholey was granted a 10% disability for his back injury.

In reviewing old and new MRI, the Post – accident doctor noted that: there was a "new" left paracentral disc protrusion at L5-S1 resulting in moderate central stenosis and displacement of the descending left S1 nerve root. Grade 1 retrolisthesis and mild to moderate left foraminal stenosis also is present at L5-S1.

Stuart R. Fraenkel
**NELSON & FRAENKEL LLP**
707 Wilshire Blvd., Suite 3600
Los Angeles, California 90017
Email:  Stuart@NFlawfirm.com
844-622-6469  Toll Free Telephone
213-943-6074  Direct Dial
213-622-6019  Telecopier
310-612-9049  Cell
www.NFlawfirm.com

Please consider the environment before printing this email
This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by e-mail and destroy the communication. Thank you.

Please consider the environment before printing this email

# EXHIBIT D

1   Michael G. McQuillen
    Christopher J. Raistrick
2   Sarah K. Lickus
    **ADLER MURPHY & MCQUILLEN LLP**
3   20 S. Clark Street, Suite 2500
    Chicago, Illinois 60603
4   Telephone: (312) 345-0700
    Fax: (312) 345-9860

5

6   Mark G. Worischeck
    Ryan P. Sandstrom
    **SANDERS & PARKS, P.C.**
7   3030 North Third Street, Suite 1300
    Phoenix, Arizona 85012
8   Telephone: (602) 532-5795
    Fax: (602) 230-5054

9

10   Attorneys for Defendant Honeywell
    International, Inc.

11

12             **UNITED STATES DISTRICT COURT**

13                **DISTRICT OF ARIZONA**

14   Todd Scholey,                  NO.

15                  Plaintiff,

                     **DEFENDANT HONEYWELL**
16                  **INTERNATIONAL INC.'S**
           v.              **CONSENT TO REMOVAL**

17   Honeywell International, Inc. dba Honeywell
    Aerospace; CAE, Inc.; International Business
18   Machines Corporation dba IBM; and Does 1-
    50,

19                 Defendants.

20

21

22        Defendant Honeywell International, Inc., through undersigned counsel,

23  without waiving any rights or defenses, hereby consents to the removal of the above-

24  captioned action from the Superior Court of the State of Arizona in and for the County of

25  Maricopa, Cause No. CV2017-000258, to the United States District Court for the District

26  of Arizona in accordance with 28 U.S.C. §§ 1441 and 1446.

27

28

    5885721.1

DATED this ___25___ day of May, 2017.

**SANDERS & PARKS, P.C.**

By: _____
Mark G. Worischeck
Ryan P. Sandstrom
3030 North Third Street, Suite 1300
Phoenix, Arizona  85012
Attorneys for Defendant Honeywell
International, Inc.

1  Kevin Sutherland
   Natasha Mikha
2  CLYDE & CO. US LLP
   101 Second Street, 24th Floor
3  San Francisco, California  94105
   Telephone:  (415) 365-9800
4  Fax:  (415) 365-9801

5  Attorneys for Defendant CAE, Inc.

6

7                    **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF ARIZONA**

9  Todd Scholey,                          NO.

10                           Plaintiff,
                                          **DEFENDANT CAE INC.'S**
11        v.                              **CONSENT TO REMOVAL**

12  Honeywell International, Inc. dba Honeywell
    Aerospace; CAE, Inc.; International Business
13  Machines Corporation dba IBM; and Does 1-
    50,
14
                                Defendants.
15

16

17          Defendant CAE, Inc., through undersigned counsel, without waiving any

18  rights or defenses, hereby consents to the removal of the above-captioned action from the

19  Superior Court of the State of Arizona in and for the County of Maricopa, Cause No.

20  CV2017-000258, to the United States District Court for the District of Arizona in

    accordance with 28 U.S.C. §§ 1441 and 1446.
21

22

23

24

25

26

27

28

5885702.1

1

DATED this __24__ day of May, 2017.

2

CLYDE & CO. US LLP

3

4

By:

5

Kevin Sutherland
Natasha Mikha

6

101 Second Street, 24th Floor
San Francisco, California  94105

7

Attorneys for Defendant CAE, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5885702.1

2

# EXHIBIT E

1    Donn C. Alexander, Bar #019389
     JONES, SKELTON & HOCHULI, P.L.C.
2    40 North Central Avenue, Suite 2700
     Phoenix, Arizona  85004
3    Telephone:  (602) 235-7152
     Fax:  (602) 200-7895
4    dalexander@jshfirm.com
     minuteentries@jshfirm.com
5
     Attorneys for Defendant International
6    Business Machines Corporation

7
                    **SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                             **COUNTY OF MARICOPA**
9
10   TODD SCHOLEY,                         NO. CV2017-000258

11                          Plaintiff,

                                           **NOTICE OF FILING NOTICE OF**
12            v.                           **REMOVAL**

13   HONEYWELL INTERNATIONAL, INC. dba
     HONEYWELL AEROSPACE; CAE, INC.;
14   INTERNATIONAL BUSINESS MACHINES       (Assigned to the Honorable Lori
     CORPORATION dba IBM; and DOES 1-50,   Bustamante)
15
                          Defendants.
16

17           Defendant   International   Business   Machines   Corporation,   by   and   through

18   undersigned counsel, pursuant to 28 U.S.C. § 1441,et seq, hereby notifies this Court that it filed

19   a Notice of Removal of this action to the United States District Court for the District of Arizona.

20   A copy of the Notice of Removal (exclusive of exhibits) is attached hereto as Exhibit A.

21

22

23

24

25

DATED this 26th day of May 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/Donn C. Alexander
    Donn C. Alexander
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant International Business
    Machines Corporation

ORIGINAL of the foregoing electronically filed
this 26th day of May 2017.

COPY of the foregoing mailed/e-mailed
this 26th day of May 2017, to:

Kevin D. Neal
GALLAGHER & KENNEDY, P.A.
2575 E. Camelback Road
Phoenix, AZ 85016-9225
Attorneys for Plaintiff

Michael G. McQuillen
Christopher J. Raistrick
Sarah K. Lickus
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois  60603
Attorneys for Honeywell International, Inc.

Kevin Sutherland
Natasha Mikha
CLYDE & CO. US LLP
101 Second Street, 24th Floor
San Francisco, California  94105
Attorneys for CAE, Inc.


/s/Victoria G. Wells

5887826.1

2

# EXHIBIT F

Skip To Main Content

[_____]  [ Search ]

⚠ **WARNING:** Bogus Phone Calls, Emails May Lead to Fraud.   **Read More...**

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2017-000258 | Judge: | Bustamante, Lori |
| File Date: | 2/22/2017 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Todd Scholey | Plaintiff | Male | KEVIN NEAL |
| Honeywell International Inc | Defendant | | Pro Per |
| C A E, Inc | Defendant | | Pro Per |
| International Business Machines Corporation | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 5/22/2017 | OXS - Order To Extend Time For Service | 5/22/2017 | |
| NOTE: ORDER TO EXTEND TIME TO EFFECT SERVICE ON DEFENDANT CAE, INC. | | | |
| 5/17/2017 | MXS - Motion To Extend Time For Service | 5/18/2017 | |
| NOTE: Plaintiff's Motion to Extend Time to Effect Service on Defendant CAE, Inc. | | | |
| 5/8/2017 | AFS - Affidavit Of Service | 5/11/2017 | |
| NOTE: INTERNATIONAL BUSINESS MACHINES CORPORATION | | | |
| 5/8/2017 | AFS - Affidavit Of Service | 5/11/2017 | |
| NOTE: HONEYWELL INTERNATIONAL INC | | | |
| 5/3/2017 | 322 - ME: Notice Of Intent To Dismiss | 5/3/2017 | |
| 2/22/2017 | COM - Complaint | 2/23/2017 | |
| 2/22/2017 | CCN - Cert Arbitration - Not Subject | 2/23/2017 | |
| 2/22/2017 | CSH - Coversheet | 2/23/2017 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
E. Hailes, Deputy
5/17/2017 12:08:00 PM
Filing ID 8342764

1   Kevin D. Neal (Bar No. 011640)
    GALLAGHER & KENNEDY, P.A.
2   2575 East Camelback Road
    Phoenix, Arizona 85016-9225
3   Telephone:   (602) 530-8000
    Facsimile:   (602) 530-8500
4   kevin.neal@gknet.com

5   Attorneys for Plaintiff Todd Scholey

6

7                SUPERIOR COURT OF THE STATE OF ARIZONA

8                          COUNTY OF MARICOPA

9   TODD SCHOLEY,                          No. CV2017-000258

10                    Plaintiff,           **PLAINTIFF'S MOTION TO**
                                           **EXTEND TIME TO EFFECT**
11  v.                                     **SERVICE ON DEFENDANT CAE,**
                                           **INC.**
12  HONEYWELL INTERNATIONAL, INC.
    d.b.a. HONEYWELL AEROSPACE; CAE,
13  INC.; INTERNATIONAL BUSINESS
    MACHINES CORPORATION, d.b.a. IBM;
14  and DOES 1-50,

15                    Defendants.

16
17      Counsel for Plaintiff respectfully requests that the Court extend the time to

18  effectuate service of the Summons and Complaint for sixty (60) days from the current

19  service deadline of May 23, 2017.

20      Plaintiff has served Defendants Honeywell International and International Business

21  Machines Corporation. Plaintiff is currently in the process of finalizing a Stipulation with

22  Defendants to litigate all claims in Arizona. Plaintiff has asked Counsel for Defendant

23  CAE to accept service on behalf of their client but Plaintiff has not received an answer as

24  of today's date.

25
26

*(left margin, vertical text)* Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1    Therefore, Plaintiff is requesting an additional sixty (60) days through and

2  including July 21, 2017 in the event CAE is not willing to accept service and personal has

3  to be made.

4    RESPECTFULLY SUBMITTED this day 17th of May, 2017.

5                                          GALLAGHER & KENNEDY, P.A.

6

7                          By: /s/ Kevin D. Neal

8                                  Kevin D. Neal
                                   2575 East Camelback Road
9                                  Phoenix, Arizona  85016-9225
                                   Attorneys for Plaintiff Todd Scholey
10

11

12  COPY mailed this same day to:

13  Stuart R. Fraenkel (Pro Hac Vice pending)
    Nelson & Fraenkel, LLP
14  707 Wilshire Blvd., Ste. 3600
    Los Angeles, CA 90017
15  stuart@nflawfirm.com
    Attorneys for Plaintiffs
16

17  Donn Alexander
    Jones, Skelton & Hochuli
18  40 North Central Avenue, Suite 2700
    Phoenix, AZ 85004
19  Attorneys for Defendants Honeywell and IBM

20  Sharlee Weaver

21

22  6011820v1/99-8826

23

24

25

26

                                   2

Granted as Submitted
***See eSignature page***

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
T. Nosker, Deputy
5/22/2017 8:00:00 AM
Filing ID 8347965

1    Kevin D. Neal (Bar No. 011640)
2    GALLAGHER & KENNEDY, P.A.
     2575 East Camelback Road
3    Phoenix, Arizona 85016-9225
     Telephone:   (602) 530-8000
     Facsimile:   (602) 530-8500
4    kevin.neal@gknet.com
5    Attorneys for Plaintiff Todd Scholey

6                **SUPERIOR COURT OF THE STATE OF ARIZONA**

7                      **COUNTY OF MARICOPA**

8    TODD SCHOLEY,            No. CV2017-000258

9              Plaintiff,      **ORDER TO EXTEND TIME TO**
                                  **EFFECT SERVICE ON**
10   v.                           **DEFENDANT CAE, INC.**

11   HONEYWELL INTERNATIONAL, INC.
     d.b.a. HONEYWELL AEROSPACE; CAE,
12   INC.; INTERNATIONAL BUSINESS
     MACHINES CORPORATION, d.b.a. IBM;
13   and DOES 1-50,

14             Defendants.

15

16       The Court having reviewed Plaintiff's Motion to extend the time to effectuate

17   service on Defendant CAE, Inc., good cause appearing

18       IT IS HEREBY ORDERED that Plaintiff shall have through and including July 21,

19   2017 within which to serve the Summons and Complaint on Defendant CAE, Inc.

20       DATED this ____ day of _____, 2017.

21

22

23                       Honorable Lori Bustamante

24

25   6014496v1/99-8826

26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

# eSignature Page 1 of 1

Filing ID: 8347965   Case Number: CV2017-000258
Original Filing ID: 8342764

**Granted as Submitted**



/S/ Lori Bustamante Date: 5/18/2017

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2017-000258                    SIGNATURE DATE: 5/18/2017

E-FILING ID #: 8347965                              FILED DATE: 5/22/2017 8:00:00 AM


KEVIN D NEAL



C A E, INC
NO ADDRESS ON RECORD



HONEYWELL INTERNATIONAL INC
NO ADDRESS ON RECORD



INTERNATIONAL BUSINESS MACHINES
CORPORATION
NO ADDRESS ON RECORD

ORIGINAL

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

17 MAY -8 PM 3:02

FILED
BY B. COLWELL, DEP

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

TODD SCHOLEY,                    CASE NO. XCV2017-000258

**Plaintiff**

**V**

HONEYWELL INTERNATIONAL,
INC, d/b/a HONEYWELL AEROSPACE; CAE, INC
INTERNATIONAL BUSINESS MACHINES
CORPORATION, d/b/a IBM; and Does 1-50,

**Defendants**

### CERTIFICATE OF SERVICE

The undersigned is a private Process Server, registered in the county of Maricopa, Arizona. The undersigned received the following documents: **SUMMONS, COMPLAINT, CERTIFICATE OF ARBITRATION to:** INTERNATIONAL BUSINESS MACHINES CORPORATION d/b/a IBM on 4/28/2017 at 9:00am by serving: ANGELA RAMIREZ, C/T CORPORATION as: STATUTORY AGENT.

The service took place at 3800 N. Central Avenue Ste 460, Phoenix, Arizona 85012.

I declare and certify under penalty of law that the information contained herein is true and correct to the best of my knowledge and belief.

**BRYAN MUTH**
Officer of the Court # 7293

Bryan Muth
Investigations
602-361-0736

ORIGINAL

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

**17 MAY -8 PM 3: 08**

FILED
BY B. COLWELL, DEP

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

TODD SCHOLEY,                           CASE NO. SCV2017-000258

**Plaintiff**

**V**

HONEYWELL INTERNATIONAL,
INC, d/b/a HONEYWELL AEROSPACE; CAE, INC
INTERNATIONAL BUSINESS MACHINES
CORPORATION, d/b/a IBM; and Does 1-50,

**Defendants**

### CERTIFICATE OF SERVICE

The undersigned is a private Process Server, registered in the county of Maricopa, Arizona.  The undersigned received the following documents: **SUMMONS, COMPLAINT, CERTIFICATE OF ARBITRATION to:**   HONEYWELL INTERNATIONAL, INC on 4/28/2017 at 8:45am by serving:  JOSEF PATAWARAN, CORPORATION SERVICE COMPANY, as:  STATUTORY AGENT.

The service took place at:  2338 W. Royal Palm road, Phoenix, Arizona 85021.

I declare and certify under penalty of law that the information contained herein is true and correct to the best of my knowledge and belief.

_____

**BRYAN MUTH**
**Officer of the Court # 7293**


Bryan Muth
Investigations
602-361-0736

MICHAEL K. JEANES
Clerk of the Superior Court
By Victor Canisales, Deputy
Date 02/22/2017 Time 16:52:26
Description                    Amount
--------- CASE# CV2017-000258 ---------
CIVIL NEW COMPLAINT            319.00
-----------------------------------
TOTAL AMOUNT                   319.00
             Receipt# 25756600

1    Kevin D. Neal (Bar No. 011640)
     GALLAGHER & KENNEDY, P.A.
2    2575 East Camelback Road
     Phoenix, Arizona 85016-9225
3    Telephone:   (602) 530-8000
     Facsimile:   (602) 530-8500
4    kevin.neal@gknet.com

5    Attorneys for Plaintiff Todd Scholey

6

         **SUPERIOR COURT OF THE STATE OF ARIZONA**
7
                    **COUNTY OF MARICOPA**
8

     TODD SCHOLEY,                        No. **CV2017-000258**
9
                    Plaintiff,            **COMPLAINT**
10
     v.                                   **(Tort, Product Liability, Negligence)**
11
     HONEYWELL INTERNATIONAL, INC.
12   d.b.a. HONEYWELL AEROSPACE; CAE,     **(JURY TRIAL DEMANDED)**
     INC.; INTERNATIONAL BUSINESS
13   MACHINES CORPORATION, d.b.a. IBM;
     and DOES 1-50,
14
                    Defendants.
15

16         Plaintiff, Todd Scholey, for his Complaint against Defendants, respectfully alleges

17   as follows:

18                  **PARTIES, JURISDICTION AND VENUE**

19         1.     Plaintiff, Todd Scholey, is a citizen of California.

20         2.     Defendant Honeywell International, Inc., d.b.a. Honeywell Aerospace

21   ("Honeywell") and DOES 1-10, is a Delaware Corporation, with a principal place of

22   business in Phoenix, Arizona.

23         a)     Honeywell's North American Aerospace business is headquartered in

24                Arizona.

25         b)     Thousands of Honeywell Aerospace technologies, products and services, are

26                found on virtually every commercial, defense, and space aircraft worldwide.

*(left margin, rotated)* Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

c)   In Arizona, Honeywell employs nearly 10,000 employees across nine different facilities.

d)   Upon belief, Honeywell negligently manufactured and/or designed in Arizona defective 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

e)   Upon belief, Honeywell entered into a contract with co-Defendant CAE, Inc. in Arizona, to manufacture and design 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

f)   Defendant Honeywell and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

g)   Defendant Honeywell regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of Arizona would produce injuries and cause damages and subject them to jurisdiction within the State of Arizona.

3.   Defendant CAE, Inc. ("CAE") and DOES 11-10 is a Canadian Corporation.

a)   CAE is a United States centered venture. In 2015, CAE's United States operations earned it $753.6 million. CAE's United States operations accounted for 33% of its annual revenue (more than any other country in the world). CAE also has 1,900 employees in the United States, and 27 offices in the United States, including Phoenix, Arizona.

b)   In Mesa, Arizona, CAE owns and operates the CAE Oxford Aviation Academy, a facility that trains pilots for Turkish Airlines, Shenzhen Airlines, EVA Air, British Airways, Air Algerie, and Japan Airlines.

2

c)      Upon belief, CAE entered into a contract with Honeywell in Arizona to manufacture and design 'Flight Management Systems,' for the subject 'Full Flight Simulator' involved in this case.

d)      Defendant CAE and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

e)      Defendant CAE regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of Arizona would produce injuries and cause damages and subject them to jurisdiction within the State of Arizona.

4.      Defendant International Business Machines Corporation ("IBM") and DOES 21-30, is a New York Corporation, with systematic and continuous business activities Arizona.

a)      Upon belief, IBM entered into a contract in Honeywell in Arizona, to provide Flight Management System software to the subject IBM RS 6000 595 FSTD Host Computer involved in this action.

b)      Defendant IBM and its employees and agents regularly transact and conduct business in Arizona and/or participated in tortious acts inside and outside the State of Arizona which caused Plaintiff's injuries.

c)      Defendant IBM regularly does and solicits business, engages in other persistent courses of conduct, derives substantial revenue from goods used or services rendered in the State of Arizona, or expected or reasonably should have expected that tortious acts performed outside of the State of

3

1    Arizona would produce injuries and cause damages and subject them to

2    jurisdiction within the State of Arizona.

3         5.    Defendants DOES 1-50 are those persons and entities whose relationships to

4    the named Defendants and/or whose acts or omissions give rise to legal responsibility for

5    the damages incurred by Plaintiffs, but whose true identities are at present unknown to

6    Plaintiffs.  These persons and entities hereby are notified of Plaintiffs' intention to join

7    them as Defendants if and when additional investigation or discovery reveals the

8    appropriateness of such joinder.

9         6.    Upon belief, DOES 1-50 were residents of the State of Arizona, and/or were

10   organized and existing under the laws of Arizona and doing business in the State of

11   Arizona; and/or were foreign corporations, businesses, etc., qualified to do business

12   within the State of Arizona, and actually doing business therein on the date of the accident

13   alleged herein.

14        7.    The minimum jurisdictional amount established for filing this action has

15   been satisfied.

16        8.    Venue is proper in Maricopa County, Arizona.

17        **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

18        9.    Defendant CAE and DOES 1-10 is the designer and manufacturer of a Full

19   Flight Simulator depicting a Boeing 747-400 aircraft (hereinafter "Simulator").

20        10.   Defendant Honeywell and DOES 11-20 is the designer and manufacturer of

21   the Simulator's Flight Management System.

22        11.   Defendant IBM and DOES 21-30 is the designer and manufacturer of the

23   Simulator's Host Computer System.

24        12.   Defendants DOES 31 – 35, inclusive, are unknown persons and/or entities

25   who negligently performed services or failed to perform services on the subject simulator,

26   including its component parts, which included performing inspections, repairs,

4

1   maintenance, testing and other services which were negligently performed or not
2   performed, which directly and/or proximately contributed to simulator malfunctioning,
3   and the Plaintiff's injuries.

4        13.     Plaintiff Todd Scholey is a United Airlines pilot.

5        14.     On or about March 22, 2015, the Plaintiff was using the CAE Boeing 747-
6   400 Simulator and was seriously and permanently injured as a direct and proximate result
7   of the simulator malfunctioning.

8        15.     As a result of the Defendants' actions and inactions, the Plaintiff was injured
9   and has incurred and, in the future will incur, medical expenses, loss of income and loss of
10  earning capacity, and other general and special damages in sums according to proof at
11  trial.

12        **COUNT I – STRICT LIABILITY AGAINST ALL DEFENDANTS**

13        16.     Plaintiff re-alleges and incorporates by reference all prior paragraphs in this
14  Complaint.

15        17.     At all relevant times, Defendant Honeywell and DOES 1-10 was in the
16  business of designing, assembling, manufacturing, marketing and selling 'Flight
17  Management Systems' and/or component parts for CAE's Full Flight Simulators.

18        18.     At all relevant times, Defendant CAE and DOES 11-20 was in the business
19  of designing, assembling, manufacturing, marketing and selling 'Full Flight Simulators'
20  and/or component parts.

21        19.     At all relevant times, Defendant IBM and DOES 21-30 was in the business
22  of designing, assembling, manufacturing, marketing and selling 'Host Computer Systems'
23  and/or component parts for CAE's 'Full Flight Simulators.'

24        20.     Hereinafter, Honeywell's 'Flight Management System,' CAE's 'Full Flight
25  Simulator,' and IBM's 'Host Computer System,' will be collectively referred as the
26  "Subject Products."

21.    Defendants Honeywell, CAE, and IBM, and DOES 1-50, designed, manufactured, tested, inspected, overhauled, serviced, repaired, assembled, sold, leased, marketed and or otherwise placed into the stream of commerce the Subject Products and/or component parts which failed and caused the Plaintiff's damages and losses.

22.    The Subject Products and their components were used by Plaintiff in a way that was reasonably foreseeable to Defendants and each of them.

23.    The Subject Products and their components in question contained manufacturing, design and/or warning defects at the time it left the respective defendants' control. These defects occurred within the life of the Subject Products and their component parts and include but are not limited to:

a)    The Subject Products and their component parts failed to perform as safely as an ordinary consumer would have expected when used in a reasonably foreseeable manner, and/or

b)    The Subject Products and their component parts differed from the manufacturer's intended result and/or differed from apparently identical products from the same manufacturers, and/or

c)    The use of Subject Products and their component parts by the user in a reasonably foreseeable manner involved a substantial danger that could not be readily recognized by the ordinary user of the simulator and its' component parts, and Defendants knew or should have known of those dangers but failed to give adequate warning and instruction of such dangers, and/or

d)    The Subject Products malfunctioned during the normal and foreseeable use of the Simulator by Plaintiff, causing the simulator to slam down, injuring the Plaintiff.

6

24.     At the time of the incident causing the Plaintiff's injuries, the Subject Products and their component parts were defective and unreasonably dangerous.

25.     The Subject Products and their component parts were defective at the time they left Defendants' possession.

26.     Defendants are liable in that they placed defective and unreasonably dangerous products into the stream of commerce and allowed the Subject Products and their component parts, that contained design, manufacturing and/or warnings defects, to leave their control.

27.     The unreasonably dangerous nature of the defects created a high probability the Subject Products and their component parts would fail, resulting in severe injuries, producing Plaintiff's damages and losses.

28.     The defects in the Subject Products and their component parts were a proximate cause of Plaintiff's severe injuries, damages, and losses.

29.     As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## COUNT II – NEGLIGENCE – PRODUCT LIABILITY AGAINST ALL DEFENDANTS

30.     Plaintiff re-alleges and incorporates by reference all prior paragraphs in this Complaint.

31.     The Defendants Honeywell, CAE, and IBM and DOES 1-50, and each of them, were and are engaged in the business of designing, manufacturing, developing, constructing, fabricating, analyzing, recommending, approving, assembling, testing, inspecting, supplying, advertising, merchandising, servicing, marketing, promoting,

7

1  selling, modifying, repairing, upgrading, maintaining and/or distributing the Subject
2  Products and their component parts.

3      32.   Defendants, and each of them, were and are engaged in the business of
4  issuing warnings, cautions and instructions to its customers with respect to the proper use,
5  required maintenance and inspections of the Subject Products and/or their component
6  parts.

7      33.   Defendants, and each of them, had a duty to Plaintiff to exercise a degree of
8  care and skill that ordinarily careful and prudent flight simulator and components parts
9  designers and manufacturers, maintenance facilities, service facilities and owner/operators
10 would use under the same or similar circumstances in the design, manufacture,
11 development, repair, construction, fabrication, analysis, recommendation, approval,
12 assembly, testing, inspection, supply, advertisement, merchandising, service, marketing,
13 promotion, sale, modification, repair, upgrade, maintenance and distribution of the
14 Subject Products and/or their component parts and to provide adequate warnings
15 concerning the proper and safe use of their products, and the product's warnings, cautions
16 and instructions.

17     34.   Defendants, and each of them, had a duty to Plaintiff to design,
18 manufacture, develop, construct and sell products which were not defective or dangerous.

19     35.   Defendants, and each of them, breached their duties to exercise reasonable
20 care by negligently, recklessly, carelessly and/or improperly designing, manufacturing,
21 developing, constructing, fabricating, analyzing, recommending, approving, assembling,
22 testing, inspecting, supplying, advertising, merchandising, servicing, marketing,
23 promoting, selling, modifying, repairing, upgrading, maintaining and/or distributing the
24 Subject Products and/or their component parts.

25     36.   The Subject Products and their component parts had a dangerous propensity
26 to fail due to defective and negligent design, repair, manufacture, development,

8

1   construction, fabrication, analysis, recommendation, approval, assembly, testing,
2   inspection, supply, advertisement, merchandising, service, marketing, promotion, sale,
3   modification, repair, upgrade, maintenance and distribution which could and did cause the
4   Subject Products and their component parts to malfunction which could foreseeably result
5   in severe injuries, such as the Plaintiff's.

6       37.     Defendants, and each of them, further breached their duties to Plaintiff by
7   failing to provide adequate warnings cautions and instructions concerning the proper use
8   of their products and the dangers these products presented during foreseeable use which
9   the seller defendants should have known to exist in the Subject Products and their
10  component parts.

11      38.     At all relevant times, Defendants, and each of them, knew or should have
12  known that the subject simulator, and/or its component parts, were unreasonably
13  dangerous and were not safe for flight simulator training.

14      39.     At all relevant times, Defendants, and each of them, voluntarily undertook,
15  assumed, and owed a legal duty to properly and carefully train, supervise, monitor, select,
16  hire, promote and instruct its respective employees, representatives, subcontractors and
17  agents who were involved in manufacturing, developing, designing, constructing,
18  fabricating, analyzing, recommending, approving, assembling, testing, inspecting,
19  supplying, advertising, merchandising, servicing, marketing, promoting, selling,
20  modifying, repairing, upgrading, maintaining and distributing the Subject Products and
21  their component parts.

22      40.     Defendants, and each of them, negligently, recklessly, and/or carelessly
23  failed to properly and carefully train, supervise, monitor, select, hire, promote and instruct
24  its respective employees, representatives, subcontractors and agents so as to cause the
25  simulator to malfunction, leading to unreasonably dangerous movements, and ultimately
26  the Plaintiff's severe injuries.

41.   As a direct and proximate result of the maintenance defendants' negligent conduct described above, Plaintiff has been damaged in an amount substantially in excess of the minimum jurisdiction of this court.

42.   As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## COUNT III – NEGLIGENCE AGAINST ALL DEFENDANTS

43.   Plaintiff re-alleges and incorporates by reference all prior paragraphs in this Complaint.

44.   At all relevant times, Defendants, and each of them, were in the business of analyzing, testing, modifying, upgrading, inspecting, servicing, diagnosing, repairing, overhauling and/or maintaining the Simulator and its component parts.

45.   At all relevant times, Defendants had a duty to exercise reasonable care and prudence and to analyze, test, modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the Simulator and its component parts in a reasonable and careful manner.

46.   Upon information and belief, Defendants breached these duties by, among other things, failing to appropriately analyze, test modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the Simulator and its component parts to ensure that the Simulator and/or its component parts were in a safe condition.

47.   At all relevant times, the maintenance Defendants had a duty to use a degree of care and skill that ordinarily careful and prudent simulator maintenance facilities, service facilities and operators would use under the same or similar circumstances. The subject Simulator and its component parts, which were analyzed, tested, modified, upgraded, inspected, serviced, diagnosed, repaired, overhauled and/or maintained by Defendants, were not safe or fit for their intended purpose.

48.   Upon information and belief, Defendants knew or should have known that, under the circumstances known to them, the subject Simulator and its component parts was in a defective condition, not fit for its intended purpose.

49.   At all relevant times, the Defendants knew, or by using ordinary care, should have known, that the likely failure of a simulator and/or its component parts will have significant consequences; their failure to properly analyze, test, modify, upgrade, inspect, service, diagnose, repair, overhaul and/or maintain the subject Simulator and/or its component parts was a proximate cause of the subject incident.

50.   At all relevant times, Defendants voluntarily undertook, assumed, and owed a legal duty to properly and carefully train, supervise, monitor, select, hire, promote and instruct its respective employees, representatives, subcontractors and agents who were involved in manufacturing, developing, designing, constructing, fabricating, analyzing, recommending, approving, assembling, testing, inspecting, supplying, advertising, merchandising, servicing, marketing, promoting, selling, modifying, repairing, upgrading, maintaining and distributing the subject Simulator and its component parts.

51.   The Defendants negligently, recklessly, and/or carelessly failed to properly and carefully train, supervise, monitor, select, hire, and instruct its respective employees, representatives, subcontractors and agents so as to cause the subject incident.

52.   As a direct and proximate result of Defendant's negligent conduct described above, Plaintiff has been damaged in an amount substantially in excess of the minimum jurisdiction of this court.

53.   As a direct and proximate result of Defendants actions and inactions, the Plaintiff was injured and has incurred and, in the future will incur, medical expenses, loss of income and loss of earning capacity, and other general and special damages in sums according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

a)    For general and special damages to compensate Plaintiff for the injuries and damages sustained including allowable economic and non-economic damages;

b)    For the reasonable value of medical expenses incurred by Plaintiffs to the date of trial and to be incurred in the future;

c)    For the reasonable value of Plaintiff's loss of income and loss of earning capacities;

d)    For Plaintiffs' costs of suit;

e)    For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of February, 2017.

GALLAGHER & KENNEDY, P.A.

By: _____
Kevin D. Neal
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Attorneys for Plaintiff Todd Scholey

COPY mailed this same day to:

Stuart R. Fraenkel (Pro Hac Vice pending)
Nelson & Fraenkel, LLP
707 Wilshire Blvd., Ste. 3600
Los Angeles, CA 90017
stuart@nflawfirm.com
Attorneys for Plaintiffs

5865834v1/99-8826

12

MICHAEL K. JEANES, CLERK
BY                              DEP
V. CANISALES, FILED

**17 FEB 22  PM 4: 52**

1   Kevin D. Neal (Bar No. 011640)
    GALLAGHER & KENNEDY, P.A.
2   2575 East Camelback Road
    Phoenix, Arizona  85016-9225
3   Telephone:   (602) 530-8000
    Facsimile:   (602) 530-8500
4   kevin.neal@gknet.com
    Attorneys for Plaintiff Todd Scholey
5

6              **SUPERIOR COURT OF THE STATE OF ARIZONA**

7                        **COUNTY OF MARICOPA**

8   TODD SCHOLEY,                      No. CV 2017 - 000258

9              Plaintiff,             **CERTIFICATE OF COMPULSORY**
                                      **ARBITRATION**
10  v.

11  HONEYWELL INTERNATIONAL, INC.
    d.b.a. HONEYWELL AEROSPACE; CAE,
12  INC.; INTERNATIONAL BUSINESS
    MACHINES CORPORATION, d.b.a. IBM;
13  and DOES 1-50,

14             Defendants.

15        Plaintiff, Todd Scholey, through counsel undersigned, hereby certifies that the

16  largest award sought by Plaintiff, including punitive damages, but excluding interest,

17  attorneys' fees and costs, does exceed the limits set by Local Rule for compulsory

18  arbitration.  This case is not subject to the Rules of Civil Procedure regarding arbitration.

19        RESPECTFULLY SUBMITTED this 21st day of February, 2017.

20                              GALLAGHER & KENNEDY, P.A.

21

22

23        By: _____
               Kevin D. Neal
24             2575 East Camelback Road
               Phoenix, Arizona  85016-9225
25             Attorneys for Plaintiff Todd Scholey

26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
(602) 530-8000

COPY mailed this same day to:

Stuart R. Fraenkel *(Pro Hac Vice pending)*
Nelson & Fraenkel, LLP
707 Wilshire Blvd., Ste. 3600
Los Angeles, CA 90017
stuart@nflawfirm.com
*Attorneys for Plaintiffs*

5859148v1/99-8826

2